JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TECSON,<br><br>   Plaintiff,<br><br>  v.<br><br>MERCEDES-BENZ USA, LLC, *et al.*,<br><br>   Defendants. | Case No. 2:25-cv-02918-FLA (PVCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 13]** |

**RULING**

On February 24, 2025, Plaintiff Joshua Tecson ("Plaintiff") filed the Complaint in the Los Angeles County Superior Court, asserting two causes of action against Defendant Mercedes-Benz USA, LLC ("Defendant" or "Mercedes-Benz") for violations of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*. Dkt. 1-1 ("Compl.").[1] As relevant here, Plaintiff seeks actual damages, civil penalties, and attorney's fees and costs. *Id.* at 11.

On April 3, 2025, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 at 1. On April 16, 2025, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 13. Defendant filed its response on April 30, 2025. Dkt. 14 ("Def. Resp.").

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS the action to the Los Angeles County Superior Court. Defendant's Request for Judicial Notice (Dkt. 15) is DENIED as moot.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. CONST. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System rather than any page numbers included natively.

courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

### A.   Actual Damages

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its

authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven.  *Id.* § 1793.2(d)(2)(C).

Defendant states the amount paid or payable for the subject vehicle per the lease contract was $72,874.88.  Def. Resp. at 7 (citing Dkt. 14-2).  After deducting a mileage offset, Defendant calculates Plaintiff's total base damages to be $72,851.20. *Id.* at 8.  For Song-Beverly Act claims that involve a leased vehicle, district courts in this circuit, however, consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002); *Cuevas v. Ford Motor Co.*, Case No. 2:22-cv-01520-DMG (MAAx), 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022).  Given that Plaintiff signed the lease in July 2023 and the Complaint was filed in February 2025, the court estimates Plaintiff made nineteen (19) lease payments.  *See* Dkt. 14-2 at 3. Based on the monthly lease payment of $1,170.98 and the amount due at signing of $3,192.06, the court estimates Plaintiff has paid $25,440.68 on his lease as of the filing of the Complaint.  *Id.*

Accordingly, for purposes of this Order, the court assumes, without making any related legal or factual determinations, that the actual damages Plaintiff may reasonably recover in this action are $25,440.68.

### B.   Civil Penalties

Defendant next argues Plaintiff's request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation.  Def. Resp. at 5–9.  "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages."  *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets

4

omitted).  However, "'[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'"  *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)).

Instead, district courts regularly find that a Song-Beverly Act plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy.  *Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence").  This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied."  *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see Zawaideh v. BMW of N. Am., LLC*, Case No. 3:17-cv-02151-W-KSC, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption…."); *see also Khachatryan*, 2021 WL 927266, at *2.

Here, Defendant offers unpersuasive arguments and evidence supporting the potential awarding of civil penalties.  *See* Def. Resp. at 8–9.  Although Defendant cites cases where courts awarded civil penalties under the Song-Beverly Act, *see id.* at 7–8, Defendant fails to explain how this action is similar to those cases, beyond noting they also involved the Song-Beverly Act.  Defendant also fails to prove "that it is reasonable to double the amount of actual damages in arriving [at] the size of the likely award."  *Pennon*, 2021 WL 2208578, at *2.  This is insufficient.  Therefore, the court finds Defendant's inclusion of civil penalties to establish the amount in controversy is too speculative for inclusion in the court's amount in controversy

calculation.

### C.   Attorney's Fees

Defendant contends Plaintiff's demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum. Def. Resp. at 9–10. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant contends Plaintiff's potential attorney's fees sought in this matter to be "$21,000.00 at minimum." Def. Resp. at 10 (italics omitted). As stated, the court

6

finds Defendant has only established by a preponderance of the evidence that $25,440.68 in actual damages are at issue. Accordingly, Defendant bears the burden to show, by a preponderance of the evidence, that at least $49,559.32 in attorney's fees are in controversy. Thus, even if the court were to assume, without making any related legal or factual determinations, that Plaintiff might reasonably recover $21,000 in attorney's fees in connection with this action, that would only bring the demonstrated amount in controversy to $46,440.68.

Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on attorney's fees.

## **CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25VECV00993. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: May 27, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge